[Civ. No. 58736. Second Dist., Div. Four. Feb. 17, 1981.]

VERNON & VERNONS, LTD., et al., Plaintiffs and Appellants, v. COUNTY OF LOS ANGELES et al., Defendants and Respondents.

COUNSEL

Baker, McNairy & Baker and Robert N. Baker, Jr., for Plaintiffs and Appellants.

John H. Larson, County Counsel, and William D. Ross, Deputy County Counsel, for Defendants and Respondents.

OPINION

**KINGSLEY, Acting P. J.**—Petitioners appeal from a judgment denying their petition for a writ of mandate to overturn an action by the Regional Planning Commission denying approval of a proposed subdivision map. We affirm.

On October 12, 1977, petitioners filed an application for approval of a subdivision map. On November 18, 1977, after receipt of a staff report, the director of planning denied approval. Notice of that action was

given to petitioners on November 22, 1977. Petitioners then wrote both to the Regional Planning Commission and to the board of supervisors, claiming that that denial was illegal because they had not been given the three-day notice of a hearing before the director as allegedly required by section 66452.3 of the Government Code. The supervisors took no action on the letter to them, but the Regional Planning Commission treated the letter to it as a notice of appeal to that body, and set the matter for hearing on January 4, 1978. Petitioners appeared at that hearing and argued for approval on the merits. The matter was continued until April 12, 1978. On that date, petitioners not appearing, the commission denied the application on its merits. Notice of that action was not given petitioners until by a letter dated April 26, 1978, posted April 28, 1978. That letter stated that an appeal to the board of supervisors must be taken by April 27, 1978. No appeal was filed but the present action was commenced on July 3, 1978. The petition for mandate was denied on the ground that petitioners had not exhausted their administrative remedy. We affirm.

## I

■ Petitioners here contend that the action of the director was illegal because they were not given the three-day notice of his intended consideration. We need not, and do not, on the record here before us, determine whether the omission of that notice was fatal to all actions thereafter. Although protesting to the board of supervisors, petitioners elected to pursue their appropriate remedy, namely an appeal to the commission. On that appeal, as to which they do not complain of notice, they elected to submit their application on the merits. That being so, they waived any earlier procedural objections. They had a full hearing before the commission; they lost there on the merits. Their remedy, then, was a timely appeal to the board.

## II

■ The statute (Gov. Code, § 66452.5, subd. (b)) requires that an appeal to the board be initiated within 15 days after action by the commission. That time expired on April 27, 1978; no appeal at that time was attempted.

The contention here is that, since notice of the commission's action was not received until 17 days after action, their time for appeal was, in some way, extended. To that contention there are two answers: (1) peti-

tioners made no attempt to appeal within 15 days after the notice, or at all; (2) we are cited to no statute or rule, and we know of none, that requires the commission to give notice of its action. Petitioners admittedly knew of the April 12th hearing; they were chargable with discovering the action then taken, even though they had elected not to appear at that hearing. The result is, as the trial court ruled, that they failed to exhaust the administrative remedy designed to afford them the relief they now seek from the courts.

The judgment is affirmed.

Woods, J., and McClosky, J., concurred.

A petition for a rehearing was denied March 6, 1981.